UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SELVIN LEONO ULLOA MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00199-JRS-MKK |
| | ) | |
| BRISON SWEARINGEN as Clay County, IN | ) | |
| Sheriff and Warden, Clay County Jail, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Selvin Leono Ulloa Martinez is a noncitizen who was arrested by U.S. Immigration and
Customs Enforcement ("ICE") officials on February 26, 2026, and is detained at the Clay County
Jail in Brazil, Indiana. Mr. Ulloa Martinez now petitions the Court for a writ of habeas corpus
under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C.
§ 1226(a). Dkt. 1 at 1, 24.

For the reasons explained below, the Court grants the petition to the extent that no later
than **5:00 p.m. on April 15, 2026**, Respondents must either: (1) afford Mr. Ulloa Martinez an
individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its
regulations; or (2) release Mr. Ulloa Martinez from custody, under reasonable conditions of
supervision.

### I.    Background

Mr. Ulloa Martinez is a Honduran citizen. Dkt. 9-1 at 2. He entered the United States in
September 2020. Dkt. 1 at 9. Mr. Ulloa Martinez was arrested pursuant to an I-200 Warrant for

1

Arrest of Alien on February 26, 2026. Dkt. 9-1 at 1. On the same day, he was served with a Notice to Appear. *Id.* at 2.

The Notice to Appear charges Mr. Ulloa Martinez with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not being in possession of proper documentation. *Id.* at 5. The "arriving alien" checkbox is unmarked. *Id.* at 2.

## II.     Discussion

Mr. Ulloa Martinez claims that his current detention violates the INA (Count I), relevant bond regulations (Count II), the Administrative Procedures Act ("APA") (Count III), and the Due Process Clause of the Fifth Amendment (Count IV). Dkt. 1 ¶¶ 61–93. Respondents argue that Mr. Ulloa Martinez is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that the bond regulations do not apply; that the APA is not violated; and that his detention is constitutional. Dkt. 9.

The Court finds that Mr. Ulloa Martinez's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Ulloa Martinez is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

### A.  8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v.*

*Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings under 8 U.S.C. § 1229(a), also known as "full removal," are initiated by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall

3

order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Mr. Ulloa Martinez Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Ulloa Martinez is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Ulloa Martinez who have lived in the interior of the United States for years. *See Morales Sandoval v. Crowley*, No. 2:25-CV-00560-JRS-MKK, 2025 WL 3760760, at *3–6 (S.D. Ind. Dec. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Id.*

4

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 9 at 9. Notably, the respondents cite two recent circuit court decisions upholding the government's interpretation of § 1225(b)(2)(A). Dkt. 9 at 10 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that " in the context of the statute the two phrases are synonymous." No. 25-3248, 2026 WL 819258, *3 (8th Cir. Mar. 25, 2026)).

The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* or *Avila* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[1] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. Because neither *Buenrostro-Mendez* nor the other cases cited by the respondents are binding on this Court, the Court declines to depart from its previous reasoning.

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

5

Accordingly, the Court concludes that Mr. Ulloa Martinez is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

### III.    Scope of Relief

Mr. Ulloa Martinez is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Ulloa Martinez requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 5. Immediate release is the customary remedy in habeas proceedings. *See Thursaissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Ulloa Martinez's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

### IV.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on April 15, 2026**, Respondents must either: (1) provide Mr. Ulloa Martinez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Ulloa Martinez from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on April 17, 2026**, Respondents must file documentation certifying that they have provided Mr. Ulloa Martinez with a bond hearing or released him from detention. The petition is **denied** to the extent it seeks declaratory relief or asks the Court to place parameters on a bond hearing beyond those identified in this paragraph. *See* dkt. 1 at 1–2, 24.

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 4/8/2026

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

7