UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SELVIN LEONO ULLOA MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00199-JRS-MKK |
| | ) | |
| BRISON SWEARINGEN as Clay County, IN | ) | |
| Sheriff and Warden, Clay County Jail, | ) | |
| SAMUEL OLSON Acting Director, Chicago Field | ) | |
| Office, U.S. Immigration and Customs | ) | |
| Enforcement, | ) | |
| TODD LYONS Acting Director, U.S. Immigration | ) | |
| and Customs Enforcement, | ) | |
| KRISTI NOEM Secretary, U.S. Department of | ) | |
| Homeland Security, | ) | |
| PAMELA JO BONDI Attorney General, U.S. | ) | |
| Department of Justice, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Selvin Leono Ulloa Martinez has filed a motion to enforce the judgment. Dkt. [13]. In the final judgment entered in this case on April 8, 2026, the Court ordered that, by April 15 at 5:00 p.m., respondents must either (1) provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Petitioner from custody, under reasonable conditions of supervision. Dkt. 12.

Though Mr. Ulloa Martinez originally argued that the respondents were unable to provide the hearing as issued, respondents submitted a notice on April 15, indicating that Immigration Judge Akash Vyas held a bond hearing. Dkt. 15. Mr. Ulloa Martinez replied, however, that the hearing did not comply with the judgment because:

> Retained counsel received no meaningful notice of any bond hearing, counsel's appearance in the bond matter was never accepted, counsel was unable to submit

1

evidence, counsel waited in the Immigration Judge's WebEx waiting room for approximately an hour and was never admitted, and the bond hearing never appeared in ECAS (the immigration court's electronic filing platform) before the Immigration Judge entered a denial order.

Dkt. 16 at 1. Mr. Ulloa Martinez represents that "he tried to tell the Immigration Judge that he was represented, [but] the Immigration Judge stated that Petitioner was not represented and proceeded without counsel." *Id.* at 2. Thus, Mr. Ulloa Martinez argues that the bond hearing was not an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations and asks the Court to order his immediate release or a new hearing before a different Immigration Judge.[1]

Mr. Ulloa Martinez has been placed in removal proceedings. *See* dkt. 9-1 at 2 (Notice to Appear). 8 U.S.C. § 1229a(b)(4) provides that, in removal proceedings, "the alien shall have the privilege of being represented, at no expense to the Government, by counsel of the alien's choosing who is authorized to practice in such proceedings." Accordingly, Mr. Ulloa Martinez has raised an argument that the bond hearing he received was not compliant with the Court's judgment. Because he raised this argument in his reply, however, the respondents have not had an opportunity to address it.

Based on the above, the Court **orders** the federal respondents to file a sur-response **on or before April 20, 2026**, in which they respond to Mr. Ulloa Martinez's argument that the hearing he received was not conducted "pursuant to 8 U.S.C. § 1226(a) and its regulations" and present

---

[1] Mr. Ulloa Martinez preserves his argument that the government lacks authority to provide the hearing as ordered (under 8 U.S.C. § 1226(a)) because this is currently an 8 U.S.C. § 12129c case. Dkt. 16 at 3. He agrees, though, that the Court does not need to resolve that issue to grant relief.

any other arguments they may have regarding the motion to enforce and the relief requested. Mr.

Ulloa Martinez may file a sur-reply **on or before April 23, 2026**.

     **IT IS SO ORDERED.**

Date: 4/16/2026

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel