UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SELVIN LEONO ULLOA MARTINEZ,      )
                                  )
                Petitioner,       )
                                  )
        v.                        )      No. 2:26-cv-00199-JRS-MKK
                                  )
BRISON SWEARINGEN as Clay County, IN  )
Sheriff and Warden, Clay County Jail,  )
SAMUEL OLSON Acting Director, Chicago Field  )
Office, U.S. Immigration and Customs  )
Enforcement,                      )
TODD LYONS Acting Director, U.S. Immigration  )
and Customs Enforcement,          )
KRISTI NOEM Secretary, U.S. Department of  )
Homeland Security,                )
PAMELA JO BONDI Attorney General, U.S.  )
Department of Justice,            )
                                  )
                Respondents.      )

**Order on Motion to Enforce**

On April 8, 2026, the Court granted Petitioner Selvin Leono Ulloa Martinez's petitioner for

writ of habeas corpus and ordered the respondents to either (1) provide him "with an individualized

bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(c) and its regulations," or

(2) release Mr. Ulloa Martinez from custody. Dkt. 11 at 6. The Court entered final judgment. Dkt.

12.

Mr. Ulloa Martinez has filed a motion to enforce the judgment. Dkt. 13. For the reasons

below, the Court orders both sides to supplement the record.

## I.      Background

On April 14, 2026, Immigration Judge Akash Vyas denied Mr. Ulloa Martinez's request for

release on bond, finding that he is a flight risk. Dkt. 15-1. The judge stated that this decision was

made "[a]fter full consideration of the evidence presented." *Id.*

1

Mr. Ulloa Martinez presents the following narrative. A few hours before the Court's order on his habeas petition, "the Immigration Judge forced Petitioner to accept pre-conclusion voluntary departure under 8 U.S.C. § 1229c(a)." Dkt. 13 at 1.  His attorney, Kristen Coffee, who had already appeared on his behalf in his removal proceeding, attempted to appear for him in the bond proceeding.[1] Dkt. 16-3 ¶¶ 1, 3. Because her appearance for the bond proceeding was not accepted in the Executive Office for Immigration Review Courts & Appeals System (ECAS), she was not admitted to the hearing and was unable to file evidence, present argument, examine the government's position, or otherwise participate in the proceeding as counsel. *Id.* ¶¶ 4, 6, 7. Immigration judges can see pending submissions in ECAS because pending submissions are accepted by the immigration judges. Dkt. 19 at 4. She waited for approximately one hour in Judge Vyas's WebEx waiting room. Dkt. 16-3 ¶ 5. During the time that she was waiting, the ECAS case information was updated from reflecting that the bond question was pending with no hearing information provided to reflecting that the bond decision had been made. Dkts. 16-1, 16-2. Mr. Ulloa Martinez reported to Ms. Coffey that the immigration judge told him that he was not represented. Dkt. 16-3 ¶ 11. Mr. Ulloa Martinez told the immigration judge that he had counsel, but the hearing was held without counsel. Dkt. 19 at 4; *see also* dkt. 16 at 2.

Respondents do not challenge any of the above, though they add the following statements and evidence. When Judge Vyas granted voluntary departure, he noted the pending habeas petition and ordered that "[a]ll parties shall comply with any order from the district court." Dkt. 18-1 at 3. Ms. Coffey was notified on April 10 that Mr. Ulloa Martinez's bond hearing was scheduled for April 14. Dkt. 18 at 3. "[T]he record shows that his removal attorney had not filed an appearance

---

[1] Attorney appearances must specifically indicate if the entry of appearance is for custody and bond proceedings. 8 C.F.R. § 1003.17(a) ("The Form EOIR–28 must indicate whether the practitioner's entry of appearance is for all proceedings, for custody and bond proceedings only, or for all proceedings other than custody and bond proceedings.").

in his bond proceedings before the hearing took place." *Id.* at 8 (no citation to evidence provided). Mr. Ulloa Martinez does not argue that he was denied the opportunity to testify or present evidence on his own behalf. *Id.* at 8. Judge Vyas's order denying bond states that it was held pursuant to 8 C.F.R. § 1236. Dkt. 15-1. As of April 20, Mr. Ulloa Martinez had not appealed the bond hearing decision. Dkt. 18 at 3.

## II.    Analysis

Respondents argue that the Court lacks jurisdiction to set aside the immigration judge's bond decision, that the Court should require Mr. Ulloa Martinez to exhaust his administrative remedies, and that, on the merits, Mr. Ulloa Martinez received the Court-ordered bond hearing. Dkt. 18.

### A.  Jurisdiction

The Seventh Circuit has directed that "[w]hen a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Jensen v. Pollard*, 924 F.3d 451, 454 (7th Cir. 2019) (citing *Hudson v. Lashbrook*, 863 F.3d 652, 656 (7th Cir. 2017)). That is precisely the situation presented here. Thus, it appears that the Court can decide whether the respondents provided Mr. Ulloa Martinez the "individualized bond hearing before an immigration judge pursuant to § 1226(a) and its regulations" as ordered. Dkt. 12.

However, this must be reconciled with 8 U.S.C. § 1226(e), which, as Respondents highlight, "limits this Court's ability to set aside the denial of bond." Dkt. 18 at 4; *see also* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). However, the central question the Court addresses in resolving Mr. Ulloa Martinez's motion is not whether the denial of bond was appropriate; the question is whether Respondents complied with

the Court's order and provided Mr. Ulloa Martinez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations.

The respondents also briefly invoke another statutory limit on judicial review, which states, in relevant part: "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). However, courts have held that § 1252(a)(2)(B)(ii)—like § 1226(e)—does not apply to constitutional challenges or questions of law. *See, e.g.*, *Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 135 (D.D.C. 2018) ("While § 1252(a)(2)(B)(ii) undoubtedly bars judicial review of individual parole decisions, courts have declined to apply it to claims challenging the legality of policies and processes governing discretionary decisions under the INA."). At least to the extent Mr. Ulloa Martinez argues that the bond hearing he was given does not comply with the Court's Judgment, § 1252(a)(2)(B)(ii) is not a jurisdictional bar. The Court therefore proceeds to the question of exhaustion.

### B. Exhaustion

Respondents acknowledge that no statute requires Mr. Ulloa Martinez to exhaust administrative remedies before pursuing relief from this Court. "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). "In exercising that discretion, [the Court] must balance the individual and institutional interests involved, taking into account 'the nature of the claim presented and the characteristics of the particular administrative procedure provided.'" *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy*, 503 U.S. at 146). There is a "general rule that parties exhaust

prescribed administrative remedies before seeking relief from the federal courts." *McCarthy*, 503 U.S. at 144–45.

The Court's interest in ensuring that its orders and judgments are followed is significant. "If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls 'the judicial power of the United States' would be a mere mockery.'" *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796 (1987) (quoting *Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 450 (1911)).

It is true that Mr. Ulloa Martinez could appeal the bond determination through the agency process, but that process could take months to complete.[2] While that appeal remained pending, Mr. Ulloa Martinez's detention would continue. And, it is not clear to this Court whether the agency would even *consider* whether the bond hearing complied with the Court's conditional writ as Mr. Ulloa Martinez pursued his administrative remedies.

Other courts in this district have required the exhaustion of administrative remedies when immigration detainees filed motions to enforce writs of habeas corpus. *See Mares Villagomez v. Noem*, No. 1:26-cv-00089-SEB-KMB, 2026 WL 939631 (S.D. Ind. Apr. 7, 2026); *Aguilar Gonzalez v. Maples*, No. 4:26-cv-00022-TWP-KMB, 2026 WL 1073846 (S.D. Ind. Apr. 20, 2026). Both of those cases, however, challenged the burden of proof assigned at the bond hearing, which "overlaps substantially with a specific administrative decision" because each petitioner asked the Court to find that a due process violation occurred "because the judge made a decision that was unsupported by the evidence." *Aguilar Gonzalez*, No. 4:26-cv-00022-TWP-KMB, 2026 WL 1073846, at *5; *accord Mares Villagomez*, No. 1:26-cv-00089-SEB-KMB, 2026 WL 939631, at

---

[2] The briefing concluded before the administrative appeal deadline expired, so the Court does not know whether Mr. Ulloa Martinez pursued such an appeal.

*4. Here, the Court need not look at the immigration judge's decision itself to decide whether the conditional writ has been followed.

The Court will not require exhaustion at this time.

**C.  Merits**

Mr. Ulloa Martinez presents two arguments in asking the Court to enforce its Judgment: (1) it is impossible for the bond hearing that was conducted to be a § 1226(a) bond hearing, and (2) he was denied the right to be represented at the hearing, a right which the regulations bestow.

### 1.  Impossibility of a § 1226(a) Hearing

Mr. Ulloa Martinez asserts that it is not possible for the government to provide him a hearing *under § 1226(a)* because, mere hours before the Court's order on his habeas petition, "the Immigration Judge forced Petitioner to accept pre-conclusion voluntary departure *under 8 U.S.C. § 1229c(a)*." Dkt. 13 at 1 (emphasis added). Mr. Ulloa Martinez is separately seeking to withdraw his acceptance of pre-conclusion voluntary departure. *Id.* at 2.

Mr. Ulloa Martinez contends that detention is permitted under § 1226(a) "pending a decision on whether the alien is to be removed from the United States," so his acceptance of pre-conclusion voluntary departure means that no bond hearing he is provided would be a § 1226(a) hearing. Dkt. 13 at 4. He insists that Judge Vyas lacked authority to conduct a § 1226(a) hearing.

Respondents counter that Judge Vyas held a hearing pursuant to 8 C.F.R. § 1236, which is the relevant regulation for a § 1226(a) bond hearing. Dkt. 15 at 2. Judge Vyas's order denying bond corroborates this. Dkt. 15-1. The evidence shows that Mr. Ulloa Martinez received *a* bond hearing, and there is *no* evidence to show that the hearing was held under anything other than § 1226(a). When Judge Vyas granted voluntary departure, he noted the pending habeas petition and ordered that "[a]ll parties shall comply with any order from the district court." Dkt. 18-1 at 3. Thus, there

was a carve-out in the voluntary departure order to require compliance with the Court's orders. To effectuate the bond hearing contemplated by the Court's Judgment, Respondents requested a bond hearing, and that hearing was held. Dkt. 18-3. Perhaps, in the absence of the Court's Judgment the hearing could not have occurred, but the Court need not answer that counterfactual question. Instead, the Court finds that the bond hearing was a § 1226(a) bond hearing.

Thus, the Court must turn to the question of whether the § 1226 bond hearing was compliant with the Court's Judgment.

### 2. Right to be Represented

Unlike in criminal proceedings, there is no right to appointed counsel under the Sixth Amendment at an immigration bond hearing. *Estrada-Hernandez v. Lynch*, 819 F.3d 324, 327 (7th Cir. 2016). Still, the regulations do provide:

> Whenever an examination is provided for in this chapter, the person involved shall have the right to be represented by an attorney or representative who shall be permitted to examine or cross-examine such person and witnesses, to introduce evidence, to make objections which shall be stated succinctly and entered on the record, and to submit briefs.

8 C.F.R. § 1292.5(b); *see also* 8 C.F.R. § 1003.16(b) ("The alien may be represented in proceedings before an Immigration Judge by an attorney or other representative of his or her choice in accordance with 8 CFR part 1292, at no expense to the government."). Bond hearings are provided for in 8 C.F.R. § 1236.1(d), which is within the same chapter (Chapter V) of the regulations as § 1292.5(b). Accordingly, Mr. Ulloa Martinez had the right to be represented by an attorney (at his own expense) at his bond hearing.

Whether Mr. Ulloa Martinez exercised this right is less clear. He represents that he told Judge Vyas that he was represented but Judge Vyas told him he was not and held the hearing without counsel present. Respondents do not challenge this representation, but no party has submitted a transcript or recording of the hearing to the Court, so what, specifically, anyone said

on the topic is unknown.  The record also does not show, and the transcript may well not show, whether Judge Vyas was even aware of counsel's submitted appearance.

Respondents state that Ms. Coffey was notified on Friday, April 10, that the bond hearing was scheduled for Tuesday, April 14. Ms. Coffey does not contest this statement. Though she states that she "attempted to appear" for Mr. Ulloa Martinez's bond hearing, it is unclear when she submitted her appearance (which was ultimately not accepted). The statements in her sworn declaration suggest that she did not even submit her appearance until the morning of April 14 while the ECAS still showed the bond matter as pending, but there is no clear, definitive statement that this is the actual timing of these events.

If Mr. Ulloa Martinez told Judge Vyas that he had counsel and Judge Vyas could see that Ms. Coffey's appearance was submitted to ECAS for his acceptance, that suggests that Mr. Ulloa Martinez was denied his regulation-given right to be represented by an attorney at his bond hearing. Also missing from the record are the regulations that apply regarding what comprises a timely submission of appearance and the discretion to accept or deny any such appearance.

If, on the other hand, Mr. Ulloa Martinez told Judge Vyas that he had counsel, but Ms. Coffey's appearance was not yet submitted to ECAS for approval, or Judge Vyas had not seen the appearance, it is possible that Judge Vyas explained that counsel for a removal hearing is not necessarily also counsel for a bond hearing and Mr. Ulloa Martinez had no counsel for the bond matter—an accurate statement. If Mr. Ulloa accepted this explanation and dropped the matter, the Court would be hard put to find that his right to be represented was denied to him.

And, of course, many other scenarios are possible. The point is that, on the record the parties have provided, the Court is unable to determine the facts relevant to determining whether Mr. Ulloa Martinez was denied his right to be represented.

8

The Court will require the parties to supplement the record. Alternatively, the parties have the option to file a joint notice that they have agreed to a new bond hearing being held, including agreement as to the approximate scheduling of the hearing and whether it is to be held before the same or a different immigration judge.[3]

### III.    Conclusion

Based on the above, the Court **orders** the following supplements be made to the record **on or before May 21, 2026**:

1. Ms. Coffey is to provide a supplemental declaration or other form of evidence indicating when she submitted her appearance for Mr. Ulloa Martinez in the bond matter;

2. Respondents are to provide a transcript or audio recording of the hearing, and, if not contained in that record, evidence of the time that the hearing began and ended; and

3. Any party may submit evidence in addition to the above if it is relevant to the question of whether Mr. Ulloa Martinez was denied the right to be represented at his bond hearing. This would include any relevant regulations concerning the judge's discretion, and what the judge actually knew at the time, whether reflected in the transcript or not, and whether the judge was directly subject to this Court's order.

4. Any party may also submit evidence or argument further to the Court's ruling that it will not require exhaustion at this time.

Alternatively, if the parties agree to a new bond hearing being held, including agreement as to the approximate scheduling of the hearing and whether it is to be held before the same or a different immigration judge, they may file a joint notice **on or before May 21, 2026**, indicating the same and, after the hearing is held, a joint notice within 48 hours of the hearing indicating that it was held.

      **IT IS SO ORDERED.**

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: 5/7/2026

---

[3] Mr. Ulloa Martinez has requested, without authority or justification, a new immigration judge if a new bond hearing is held.

Distribution:

All electronically registered counsel