UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SELVIN LEONO ULLOA MARTINEZ,  )
             )
    Petitioner,     )
             )
    v.       )  No. 2:26-cv-00199-JRS-MKK
             )
BRISON SWEARINGEN as Clay County, IN )
Sheriff and Warden, Clay County Jail, *et al.*, )
             )
    Respondents.   )

**Order on Motion to Enforce**

On April 8, 2026, the Court granted Petitioner Selvin Leono Ulloa Martinez's petitioner for writ of habeas corpus and ordered the respondents to either (1) provide him "with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(c) and its regulations," or (2) release Mr. Ulloa Martinez from custody. Dkt. 11 at 6. The Court entered final judgment. Dkt. 12.

Mr. Ulloa Martinez has filed a motion to enforce the judgment. Dkt. 13. For the reasons below, the Court **denies** the motion without prejudice for failure to exhaust his administrative remedies.

## I. Background

On April 14, 2026, Immigration Judge Akash Vyas denied Mr. Ulloa Martinez's request for release on bond, finding that he is a flight risk. Dkt. 15-1. The judge stated that this decision was made "[a]fter full consideration of the evidence presented." *Id.*

Mr. Ulloa Martinez presents the following narrative. A few hours before the Court's order on his habeas petition, "the Immigration Judge forced Petitioner to accept pre-conclusion voluntary departure under 8 U.S.C. § 1229c(a)." Dkt. 13 at 1. His attorney, Kristen Coffey, who had already

1

appeared on his behalf in his removal proceeding, received notice from the Assistant United States Attorney on April 10 that a hearing was scheduled for April 14. Dkt. 24-1 ¶ 4. Ms. Coffey checked the Executive Office for Immigration Review Courts & Appeals System (ECAS) multiple times on April 13 to determine the date and time for hearing, but no information was ever displayed. *Id.* ¶ 6. Ms. Coffey attempted to file her appearance form in the bond matter on April 13 and successfully submitted her appearance form at approximately 9:25 a.m. Central Time on April 14.[1] *Id.* ¶¶ 9, 17–18.

Though Ms. Coffey did not learn of the fact until later, the bond hearing was set for April 14 at 10:00 a.m. in Chicago, which is in the Central Time Zone. *Id.* ¶ 24; dkt. 24-5. Ms. Coffey logged in to Judge Vyas's WebEx hearing room just before 9:00 a.m. Central Time on April 14 with the display name "Atty Coffey for -046 Ulloa Martinez." Dkt. 24-1 ¶ 13. At 9:52 a.m. Central Time, Ms. Coffey refreshed ECAS, and the bond case status had changed to "Case Completed." *Id.* ¶ 22. ECAS still did not reflect hearing information, and Ms. Coffey's appearance had not been accepted. *Id.* ¶ 23.

Mr. Ulloa Martinez told the immigration judge that he had counsel, but the hearing was held without counsel. Dkt. 19 at 4; *see also* dkt. 16 at 2. Because her appearance for the bond proceeding was not accepted in ECAS, she was not admitted to the hearing and was unable to file evidence, present argument, examine the government's position, or otherwise participate in the proceeding as counsel. Dkt. 16-3 ¶¶ 4, 6, 7. Had her appearance been accepted, she would have submitted an evidence packet containing:

1. the U.S. birth certificate of Mr. Ulloa Martinez's minor child;

---

[1] Attorney appearances must specifically indicate if the entry of appearance is for custody and bond proceedings. 8 C.F.R. § 1003.17(a) ("The Form EOIR–28 must indicate whether the practitioner's entry of appearance is for all proceedings, for custody and bond proceedings only, or for all proceedings other than custody and bond proceedings.").

2. Mr. Ulloa Martinez's marriage certificate with his U.S. citizen wife;

3. a support letter from his U.S. citizen wife and sponsor;

4. sponsor documents for his wife, including identification, employment verification, paystubs, and tax returns;

5. multiple support letters from family members and community members;

6. a support letter from Mr. Ulloa Martinez's friend, Deputy Sheriff Marco Avila of the LaGrange Sheriff's Office;

7. photographs reflecting Mr. Ulloa Martinez's family ties, community ties, employment, and community mural work; and

8. other documents supporting release.

Dkt. 24-1 ¶¶ 28–29.

After the immigration judge denied bond at the hearing, Ms. Coffey filed a bond appeal with the Board of Immigration Appeals on Mr. Ulloa Martinez's behalf. *Id.* ¶ 24.

Respondents do not challenge any of the above, though they add the following statements and evidence. When Judge Vyas granted voluntary departure, he noted the pending habeas petition and ordered that "[a]ll parties shall comply with any order from the district court." Dkt. 18-1 at 3. "[T]he record shows that his removal attorney had not filed an appearance in his bond proceedings before the hearing took place." Dkt. 18 at 8 (no citation to evidence provided). Mr. Ulloa Martinez does not argue that he was denied the opportunity to testify or present evidence on his own behalf. *Id.* at 8. Judge Vyas's order denying bond states that it was held pursuant to 8 C.F.R. § 1236. Dkt. 15-1.

## II.    Analysis

Mr. Ulloa Martinez asks the Court to order his release or, alternatively, order that a new bond hearing be held because the bond hearing did not amount to the hearing that the Court ordered. Respondents argue that Mr. Ulloa Martinez should be required to exhaust his

administrative remedies and, alternatively, that Mr. Ulloa Martinez received the Court-ordered bond hearing.[2]

### A. The Hearing was a § 1226(a) Hearing

Mr. Ulloa Martinez has consistently put forward the argument that it is a factual impossibility for him to receive a § 1226(a) hearing because he agreed to voluntary departure, detention for which is not governed by § 1226(a). However, the Court ordered an individualized bond determination hearing under § 1226(a), and Judge Vyas on the record stated that he was holding the hearing to comply with this Court's order. Hrg. R. at 0:33-1:10. Absent the Court's order to hold a § 1226(a) hearing, Mr. Ulloa Martinez's argument might carry more weight: it *is* procedurally awkward to hold a § 1226(a) hearing in a voluntary departure case. However, the Court's order explains why such a hearing would have occurred, and Judge Vyas statement on the record indicates that it did occur. Judge Vyas's post-hearing order also indicates that the matter considered was Mr. Ulloa Martinez's "custody redetermination pursuant to 8 C.F.R. § 1236," which is further evidence that the hearing held was, indeed, a § 1226(a) hearing. Dkt. 15-1. The Court rejects the argument that no § 1226(a) hearing was held and proceeds to address whether Mr. Ulloa Martinez should be required to exhaust his administrative remedies before this Court will hear his claims that the hearing was procedurally deficient.

### B. Exhaustion

Respondents acknowledge that no statute requires Mr. Ulloa Martinez to exhaust administrative remedies before pursuing relief from this Court. "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). There is a "general rule that parties exhaust prescribed administrative remedies before

---

[2] The Court previously determined that it has jurisdiction to hear this matter. Dkt. 20 at 3–4.

seeking relief from the federal courts." *McCarthy*, 503 U.S. at 144–45. Discretion is granted to the Court in deciding whether to depart from this general rule to determine whether

> individual interests demand that exhaustion be excused [which is allowable] when: "(1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised."

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir.2002)). In determining whether exhaustion of administrative remedies should be excused in this instance, the Court therefore examines the four factors listed above.

### 1.      Prejudice from Appellate Timeline

Mr. Ulloa Martinez is pursuing an appeal of his bond denial through the administrative appellate process. This factor weighs against requiring exhaustion. The appellate process can last months, and Mr. Ulloa Martinez's detention will continue while the appeal is pending, which imposes a hardship on his family—including his U.S. citizen spouse and child.

### 2.      Agency Competency

The second individual interest—agency competency—weighs in favor of requiring exhaustion. Mr. Ulloa Martinez relies on asserted violations of this Court's order and judgment, but the core of his argument is that the alleged procedural irregularities meant that his bond hearing was fundamentally unfair. Certainly, the BIA has greater expertise than this Court on the questions of how the bond hearing regulations apply. The Seventh Circuit instructs that it is proper to require exhaustion for procedural errors. *Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998) (requiring exhaustion of administrative remedies for an ineffective assistance of counsel claim in the context of a deportation order appeal).

### 3.    Futility and Bias

The third individual interest—avoiding futility or bias—does not weigh in favor of excusing exhaustion. Mr. Ulloa Martinez asserts that the BIA cannot grant his requested relief of immediate release, but that does not mean that the BIA cannot give him effective release. If the BIA agrees that his bond hearing was fundamentally unfair, it can remedy this by ordering that he receive another bond hearing with the proper procedural protections. Mr. Ulloa Martinez has not argued that the BIA is biased.

### 4.    Constitutional Questions

Finally, the fourth individual interest—addressing constitutional issues—does not weigh in favor of departing from the general rule of requiring exhaustion. It is true that Mr. Ulloa Martinez asks this Court to resolve a constitutional question by framing the procedural irregularities as a Due Process violation. However, as discussed above, this constitutional claim is built on procedural defects in the bond hearing. He asks the Court to find that the irregularities regarding timing and acceptance of his counsel's appearance rendered his bond hearing fundamentally unfair. The BIA is as capable as this Court of evaluating the decision on those grounds.

The Court is sympathetic to the consequences of Mr. Ulloa Martinez's continued detention. But the law generally requires exhaustion of administrative remedies. The only factor that weighs in favor of excusing exhaustion is the time that resolution of his administrative appeal will take. The other three factors do not weigh in favor of excusing exhaustion. The Court therefore declines to exercise its discretion to excuse exhaustion.

### III.    Conclusion

Based on the above, the Court **denies without prejudice** the motion to enforce because administrative remedies have not been exhausted. Dkt. [13].

Mr. Ulloa Martinez' motion for a ruling is **denied as moot**. Dkt [25].

**IT IS SO ORDERED.**


Date: 07/17/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana



Distribution:

All electronically registered counsel